IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 19-cv-02579-PAB-SKC

ZACHARY OSTIN and
RITA OSTIN,

    Plaintiffs,

v.

STATE FARM FIRE AND CASUALTY COMPANY,

    Defendant.

---

## ORDER

---

This matter is before the Court on a Defendant's Motion for Summary Judgment [Docket No. 32] and Defendant's Motion to Strike Portions of Plaintiffs' Response to Defendant's Motion for Summary Judgment [Docket No. 38]. Plaintiffs filed a response to defendant's motion for summary judgment [Docket No. 33] and defendant filed a reply [Docket No. 39]. Plaintiffs have not responded to defendant's motion to strike portions of plaintiffs' response to defendant's motion for summary judgment.

## I. BACKGROUND[1]

This case arises out of hail damage to plaintiffs' home and plaintiffs' insurance policy with defendant. Docket No. 4 at 2, ¶¶ 7-8. On May 17, 2019, plaintiffs entered into an assignment of insurance benefits with Rocky Mountain Roofers and Gutters ("Rocky Mountain"). Docket No. 32 at 2, ¶ 1. According to the terms of the assignment,

---

[1] All facts are undisputed unless indicated otherwise.

plaintiffs transferred and assigned to Rocky Mountain all "rights and interests and benefits" for an insurance claim due to damage to plaintiffs' property sustained on June 19, 2018.[2] *Id.*, ¶ 2. The assignment includes "any and all rights of the Customer to collect the proceeds to be paid under the claim from customer's insurance company." *Id.* Additionally, the "assignment covers insurance proceeds for all contractual and extra contractual damages." *Id.*

Plaintiff Zachary Ostin understood the assignment to mean that Rocky Mountain would work with State Farm Fire and Casualty Company ("State Farm") with respect to the claim. *Id*. at 2, ¶ 3. Mr. Ostin does not recall having any communications with State Farm, and Mr. Ostin was not involved in communications between Rocky Mountain and State Farm. *Id.* at 3, ¶¶ 4-5. Plaintiff Rita Ostin did not have any communications with State Farm besides initially making the claim. *Id.*, ¶ 6. Rocky Mountain entered into a contract with public adjuster Premier Claims. *Id.*, ¶ 7. Mr. Ostin's understanding was that, if suit was to be brought against State Farm under the insurance claim, it would be brought by the "third-party adjuster." *Id.*, ¶ 8.

On June 12, 2020, defendant filed a motion for summary judgment on the basis that plaintiffs are not the real party in interest in this case due to their assignment of their rights to recover under the insurance claim to Rocky Mountain. Docket No. 32 at 2. On July 2, 2020, plaintiffs filed a response wherein they argue that they should be

---

[2] Defendant's statement of undisputed material facts states that this contract was with "Edge Construction." Docket No. 32 at 2, ¶ 2. Plaintiffs deny that they have a contract with Edge Construction, but admit that the remainder of the description of the contract is accurate. Docket No. 33 at 2, ¶ 2. In its reply, defendant admits that the reference to Edge Construction was a typographical error. Docket No. 39 at 2. The description of the contract between plaintiffs and Rocky Mountain is thus undisputed.

permitted to amend their pleadings to add Rocky Mountain as a party. Docket No. 33 at 3. Defendant filed a motion to strike plaintiffs' response for including a motion in a response, in contravention of the Local Rules. Docket No. 38 at 2. Defendant also filed a reply in support of its motion for summary judgment. Docket No. 39.

## II. LEGAL STANDARD

Summary judgment is warranted under Federal Rule of Civil Procedure 56 when the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-50 (1986). Where "the moving party does not bear the ultimate burden of persuasion at trial, it may satisfy its burden at the summary judgment stage by identifying a lack of evidence for the nonmovant on an essential element of the nonmovant's claim." *Bausman v. Interstate Brands Corp.*, 252 F.3d 1111, 1115 (10th Cir. 2001) (internal quotation marks omitted) (quoting *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 671 (10th Cir. 1998)). "Once the moving party meets this burden, the burden shifts to the nonmoving party to demonstrate a genuine issue for trial on a material matter." *Concrete Works of Colo., Inc. v. City & Cnty. of Denver*, 36 F.3d 1513, 1518 (10th Cir. 1994). The nonmoving party may not rest solely on the allegations in the pleadings, but instead must designate "specific facts showing that there is a genuine issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986) (internal quotation marks omitted). "To avoid summary judgment, the nonmovant must establish, at a minimum, an inference of the presence of each element essential to the case." *Bausman*, 252 F.3d at 1115. When considering a motion for summary

judgment, a court must view the evidence in the light most favorable to the non-moving party. *Id.*

## III.  ANALYSIS

"An action must be prosecuted in the name of the real party in interest." Fed. R. Civ. P. 17(a)(1). Defendant argues that plaintiffs are not the real party in interest because they assigned their rights to recover under the insurance claim to Rocky Mountain, and that they therefore lack standing to bring this case. Docket No. 32 at 4. In their response, plaintiffs do not dispute that they assigned their interest in the insurance claim to Rocky Mountain. *See* Docket No. 33 at 2. Instead, plaintiffs argue that, pursuant to Fed. R. Civ. P. 17(a)(3), they should be permitted to amend their pleadings to add Rocky Mountain as a plaintiff. *Id.*

### A.  Real Party in Interest

"[T]he real party in interest is the one who, under applicable substantive law, has the right to bring the suit." *Fed. Deposit Ins. Corp. v. Geldermann Inc.*, 975 F.2d 695, 698 (10th Cir. 1992) (quotation marks and citation omitted). Because this case involves whether plaintiffs are the real party in interest based on an assignment of a contract right to Rocky Mountain, the Court looks to the Colorado law of assignments. *See U.S. Fax Law Ctr. v. iHire, Inc.*, 373 F. Supp. 2d 1208, 1211 (D. Colo. 2005). "Under Colorado law, '[t]he real party in interest is the party who, by virtue of the substantive law, has the right to invoke the aid of the court to vindicate the legal interest in question.'" *King Airway Co v. Public Trustee of Routt Cty., Colo.*, 1997 WL 186256, at *4 (10th Cir. Apr. 17, 1997) (unpublished) (quoting *Steiger v. Burroughs*, 878 P.2d 131,

135 (Colo. App. 1994)).  "[I]f a claim has been assigned in full, the assignee is the real party in interest with the right to maintain an action thereon." *Edis v. Edis*, 742 P.2d 954, 955 (Colo. App. 1987).  The Court finds that plaintiffs executed a valid assignment of their rights to the insurance claim to Rocky Mountain, and Rocky Mountain is therefore the real party in interest under the insurance policy.

### B.  Rule 17(a)(3)

Rule 17(a)(3) states:

> The court may not dismiss an action for failure to prosecute in the name of the real party in interest until, after an objection, a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into the action.  After ratification, joinder, or substitution, the action proceeds as if it had been originally commenced by the real party in interest.

Fed. R. Civ. P. 17(a)(3).  Defendant argues that (1) the request in plaintiffs' response brief to add Rocky Mountain as a plaintiff is improper; (2) the request to add Rocky Mountain is untimely; (3) plaintiffs have not show good cause to amend the scheduling order; and (4) plaintiffs are barred from adding Rocky Mountain due to the doctrine of laches.   Docket No. 39 at 4-8.

A literal reading of Rule 17(a)(3) would "appear to require that a party *always* be given a reasonable time to substitute the real party in interest when an objection has been made," but such a literal reading may lead to conduct violating the spirit of the Federal Rules of Civil Procedure.  *Esposito v. United States*, 368 F.3d 1271, 1275 (10th Cir. 2004).  Therefore, the Tenth Circuit looks to the Advisory Committee Notes to "provide parameters for [Rule 17(a)(3)'s] application."  *Id.*  The Advisory Committee Notes indicate that substitution is only required where necessary to prevent a forfeiture

or injustice. *Id.* (citing Fed. R. Civ. P. 17 advisory committee's note to 1966 amendment).

In determining whether substitution should be allowed, a court is to look to "whether the plaintiff engaged in deliberate tactical maneuvering (i.e. whether his mistake was 'honest'), and [] whether the defendant was prejudiced thereby."[3] *Id.* at 1276. Even if a mistake should have been obvious to the plaintiff, a substitution is not automatically foreclosed if the plaintiff did not act in bad faith and the defendant was not prejudiced. *Metro. Paving Co. v. Int'l Union of Operating Eng'rs*, 439 F.2d 300, 306 (10th Cir. 1971). When "a mistake in naming the correct party is 'honest,' there is no additional requirement that the mistake also be 'understandable.'" *Fairfield Dev., Inc. v. J.D.I. Contractor & Supply, Inc.*, 782 F. Supp. 2d 1205, 1208 (D. Colo. 2011) (citing *Esposito*, 368 F.3d at 1277). A defendant must show "tangible" prejudice from changing the named plaintiff. *See Scheufler v. Gen. Host Corp.*, 126 F.3d 1261, 1270 (10th Cir. 1997) (finding no prejudice where defendant was "well aware" of relevant parties and issues and would not be surprised by joinder); *Garcia v. Hall*, 624 F.2d 150, 151 n.3 (10th Cir. 1980) (stating that defendants would not be prejudiced by changing named plaintiff because "[t]hey knew the persons and the issues involved before the statute of limitations ran").

---

[3] Plaintiffs' response does not address either of these factors. *See* Docket No. 33 at 3-4. Instead, plaintiffs cite *EEOC v. Outback Steak House*, No. 06-cv-01935-EWN-BNB, 2007 WL 2947326, at *4 (D. Colo. Aug. 27, 2017), for the proposition that they have moved to amend within a "reasonable time" of the objection. *Id.* However, because the Court's analysis rests on when it is appropriate to apply Rule 17(a)(3), not the amount of time after an objection that a motion to amend can be filed, this case is inapplicable.

The Court finds that the failure to name Rocky Mountain as a plaintiff was not an honest mistake and prejudices defendant. The Court first discusses the honesty requirement. While a mistake need not be understandable to be honest, the Tenth Circuit "d[id] not foreclose the possibility that a party's mistake in naming the plaintiff . . . could be so inexplicable and irrational as to raise an inference that it was not an 'honest' mistake." *Esposito*, 368 F.3d at 1276-77. This is such a case. The hail storm at issue in this case took place on June 19, 2018. Docket No. 33 at 1. On May 17, 2019, plaintiffs entered into a contract with Rocky Mountain entitled "ASSIGNMENT OF INSURANCE BENEFITS AND INSURANCE CLAIM From Customer to Contractor." Docket No. 32 at 2, ¶ 1; Docket No. 32-1. This assignment states that the assignors "agree[] to transfer and assign to ROCKY MOUNTAIN ROOFERS & GUTTERS, all of the Customer's rights and interests and benefits in the insurance claim(s) under Customer's STATE FARM INSURANCE CO. insurance policy no: 86C06414-5 covering claim no.: 0601W825F sustained at the Customer's property on June 19, 2018 . . . ." *Id*. Plaintiffs provide no explanation for why they did not recall this assignment of "all" of their "rights and interests and benefits" for their hail claim when they filed suit against State Farm a month later.[4] *See* Docket No. 4 at 1. And plaintiffs provide no explanation why, assuming that they had an interest, albeit not a legal interest, in the litigation, they did not name Rocky Mountain at the outset or some time before a year had passed. In fact, Mr. Ostin's understanding was that, if a suit was to be brought

---

[4] The fact that plaintiffs knew of the assignment is particularly obvious given that their attorney represents Rocky Mountain in other insurance litigation. *See* Docket No. 39-3. Moreover, defendant claims that plaintiffs' attorney represents Rocky Mountain as to this insurance claim as well. Docket No. 46 at 2, ¶ 8.

7

under the insurance claim, Rocky Mountain would do so.  Docket No. 32 at 3, ¶ 8. Plaintiffs allowed the scheduling deadline to pass and only sought to join Rocky Mountain after defendant filed its summary judgment motion.  See Docket No. 22 at 1; Docket No. 33.  Plaintiffs do not explain how this decision could be anything other than "deliberate tactical maneuvering."  See generally Docket No. 33; *Esposito*, 368 F.3d at 1276.  The Court finds that the proper party in interest was clear to plaintiffs and plaintiffs' counsel and that there was no honest mistake.  See *Dollar Rent A Car, Inc. v. Westover Car Rental, LLC*, 2018 WL 3420814, at *5 (N.D. Okla. 2018) ("Westover's decision to bring counterclaims that it knew it assigned to 1234 Group, and these entities' collective failure to promptly correct this obvious defect, are simply not the type of understandable or honest mistakes that Fed. R. Civ. P. 17(a)(3) is meant to remedy.").

The Court next turns to prejudice.  The prejudice that can arise by allowing a third party to join a lawsuit typically involves being "unable to conduct discovery on possible defenses" and not knowing "the relevant parties in th[e] action and what the critical issues would be."  *Chung v. Lamb*, No. 14-cv-03244-WYD-KLM, 2018 WL 6429922, at *8 (D. Colo. Nov. 14, 2018) (citing *Garcia*, 624 F.2d at 151 n.3).  Defendant litigated this case through the close of discovery[5] and then filed a motion for summary judgment.  See Docket No. 32.  To allow plaintiffs to add Rocky Mountain at this late stage, after defendant has expended significant resources, would prejudice defendant by essentially allowing plaintiffs to start over.

---

[5] After defendant filed its motion for summary judgment, the magistrate judge granted the parties extra time to take certain depositions.  See Docket Nos. 36, 44.

Moreover, defendant indicates it has tried to depose Rocky Mountain three times, but each time Rocky Mountain cancelled the deposition after it was scheduled. Docket No. 46 at 2-3, ¶¶ 5-13. Given its attempts to depose Rocky Mountain, defendant would be prejudiced if Rocky Mountain were added as a party. *Cf. Chung*, 2018 WL 6429922, at *9 (finding prejudice where defendant was, *inter alia*, unable to depose real party in interest).

The Court finds that defendant would be prejudiced by the addition of Rocky Mountain at this late stage of the litigation, after discovery and dispositive motion deadlines have passed. *See* Docket No. 23 at 6; Docket No. 44. Accordingly, the Court will grant defendant's motion for summary judgment due to the failure to prosecute this case in the name of the real party in interest.

Ordinarily, a dismissal because the plaintiff is not the real party in interest is without prejudice. *See Ronsick v. Phariss*, 286 F.2d 316, 318 (10th Cir. 1960). However, "where the failure to name the correct party in interest is the result of deliberately dishonest actions by the person filing the suit, dismissal with prejudice is appropriate." *Chung*, 2018 WL 6429922, at *10. The Court has found that plaintiffs' failure to join Rocky Mountain was not an honest mistake and that defendant would be prejudiced by adding Rocky Mountain to this case. Additionally, there does not appear to be any prejudice to plaintiffs from the dismissal of this case with prejudice because plaintiffs have assigned all of their interest in the insurance claim to Rocky Mountain. Therefore, the Court will grant defendant's motion for summary judgment and dismiss this case with prejudice.

9

## IV.  CONCLUSION

It is therefore

**ORDERED** that Defendant's Motion for Summary Judgment [Docket No. 32] is **GRANTED**.  It is further

**ORDERED** that Defendant's Motion to Strike Portions of Plaintiffs' Response to Defendant's Motion for Summary Judgment [Docket No. 38] is **DENIED AS MOOT**.  It is further

**ORDERED** that this case is dismissed with prejudice.

DATED March 22, 2021.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge