IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 19-cv-02579-PAB-SKC

ZACHARY OSTIN and
RITA OSTIN,

    Plaintiffs,

v.

STATE FARM FIRE AND CASUALTY COMPANY,

    Defendant.

---

## ORDER

---

This matter comes before the Court on Defendant State Farm Fire and Casualty Company's Motion for Attorney Fees and Actual Reasonably Incurred Costs Pursuant to C.R.S. § 10-3-1116 and C.R.S. § 13-17-101 [Docket No. 59], filed on April 7, 2021. Plaintiffs have not responded.

## I. BACKGROUND

This case arose out of hail damage to plaintiffs' home and plaintiffs' insurance policy with defendant. Docket No. 4 at 2, ¶¶ 7-8. Plaintiffs' complaint brought three claims: (1) breach of contract; (2) bad faith breach of contract; and (3) improper denial of claims and remedies for the unreasonable delay or denial of benefits pursuant to Colo. Rev. Stat. §§ 10-3-1115, 10-3-1116. *Id.* at 4-6, ¶¶ 19-33. On June 12, 2020, defendant filed a motion for summary judgment on the basis that plaintiffs are not the real parties in interest in this case due to their assignment of rights to recover under the insurance claim to Rocky Mountain Roofers and Gutters ("Rocky Mountain"). Docket No. 32 at 2. On July 2, 2020, plaintiffs filed a response wherein they argued that they

should be permitted to amend their pleadings to add Rocky Mountain as a party. Docket No. 33

On March 22, 2021, the Court granted defendant's motion and dismissed this case with prejudice. Docket No. 55 at 10. The Court found that plaintiffs were not the real parties in interest, that the failure to name Rocky Mountain as a plaintiff was not an honest mistake, and that the failure to name Rocky Mountain as a plaintiff prejudiced defendant. *Id.* at 7. Accordingly, the Court granted defendant's motion for summary judgment due to plaintiffs' failure to prosecute the case in the name of the real party in interest. *Id.* at 9. Final judgment entered in defendant's favor on March 23, 2021.[1] Docket No. 56.

Defendant asks the Court to award it attorney fees and costs incurred pursuant to Colo. Rev. Stat. § 10-3-1116 and Colo. Rev. Stat. § 13-17-101. *See generally* Docket No. 59. Defendant seeks $6,265.51 in costs and $26,078.10 in attorney fees.[2] *Id.* at 3.

---

[1] On April 7, 2021, defendant filed a motion for leave to file its bill of costs and motion for attorney fees out of time. Docket No. 57. Defendant stated that, due to a clerical error, it was one day late in filing its bill of costs and motion for attorney fees. *Id.* at 1-2. On April 29, 2021, the Court granted the motion for leave, noting that plaintiffs had not responded to defendant's motion for leave and the time to do so under the Local Rules had elapsed. Docket No. 60. Accordingly, the Court considers defendant's motion for attorney fees to be timely.

[2] On June 18, 2021, the parties filed a joint stipulation stating that plaintiffs agreed to pay defendant's cost incurred in the amount of $6,265.51. Docket No. 63 at 1. Due to this agreement, the parties asked that the bill of costs hearing be vacated. *Id.* On June 20, 2021, the Clerk of Court awarded costs pursuant to the stipulation and vacated the bill of costs hearing. Docket No. 64. Accordingly, the Court will deny as moot the portion of the motion seeking costs and only consider the portion of the motion seeking attorney fees.

## II. ANALYSIS

Under Colorado law, a court shall award costs and attorney fees to the defendant in an action for unreasonable delay or denial of benefits if the action was "frivolous." Colo. Rev. Stat. § 10-3-1116(5). "A claim is frivolous if a party is unable to present a rational argument supporting it." *Villa Maison Homeowners Assoc., Inc. v. Owners Ins. Co.*, No. 17-cv-01542-RM-KMT, 2019 WL 3302165, at *1 (D. Colo. July 23, 2019) (citing *Bernal v. Lumbermeans Mut. Cas. Co.*, 97 P.3d 197, 204 (Colo. App. 2003)). Section 13-17-101 provides for recovery of attorney fees when an action or part of an action "is determined to have been substantially frivolous, substantially groundless, or substantially vexatious." Colo. Rev. Stat. § 13-17-101. "A claim is substantially groundless if the allegations in the complaint, while sufficient to survive a motion to dismiss for failure to state a claim, are not supported by any credible evidence at trial." *City of Aurora ex rel. Util. Enter. v. Colorado State Eng'r*, 105 P.3d 595, 618 (Colo. 2005).

In their response to defendant's motion for summary judgment, plaintiffs did not dispute that they assigned their interest in the insurance claim to Rocky Mountain. *See* Docket No. 33 at 2. Instead, plaintiffs argued that, pursuant to Fed. R. Civ. P. 17(a)(3), they should be permitted to amend their pleadings to add Rocky Mountain as a plaintiff. *Id.* The Court rejected this argument because the failure to name Rocky Mountain as a plaintiff was not an honest mistake and it prejudiced defendant. Docket No. 55 at 7. The Court proceeded to dismiss the case with prejudice since, "where the failure to name the correct party in interest is the result of deliberately dishonest actions by the person filing the suit, dismissal with prejudice is appropriate." *Id.* at 9 (quoting *Chung v.*

*Lamb*, No. 14-cv-03244-WYD-KLM, 2018 WL 6429922, at *10 (D. Colo. Nov. 14, 2018)). Because plaintiffs had assigned their claim to Rocky Mountain, plaintiffs could not present any basis for their ability to bring this lawsuit. *See* Docket No. 55 at 2, 4-5. The Court finds that the case was frivolous. *See Janicek v. Obsideo, LLC*, 271 P.3d 1133, 1140 (Colo. App. 2011) (explaining that a claim is not frivolous "if it is meritorious but merely unsuccessful"; rather, a claim is frivolous "if the proponent can present no rational argument based on the evidence or law in support of that claim." (citations omitted)); *Sifton v. Stewart Title Guar. Co.*, 259 P.3d 542, 546 (Colo. App. 2011) (Section 13-17-102 "requires a trial court to award attorney fees if the court determines that a party brought or defended a civil action that was frivolous, groundless, or vexatious. Such an award is an important sanction against an attorney or a party who improperly prolongs litigation."). Accordingly, the Court will award defendant attorney fees under Colo. Rev. Stat. § 10-3-1116 and Colo. Rev. Stat. § 13-17-101.

To determine the reasonableness of a fee request, a court must begin by calculating the "lodestar amount." *Robinson v. City of Edmond,* 160 F.3d 1275, 1281 (10th Cir. 1998). The lodestar amount is the "number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *See Hensley v. Eckerhart,* 461 U.S. 424, 433 (1983). A "reasonable rate" is defined as the prevailing market rate in the relevant community for an attorney of similar experience. *Guides, Ltd. v. Yarmouth Group Prop. Mgmt., Inc.,* 295 F.3d 1065, 1078 (10th Cir. 2002). A party seeking an award of attorney fees must establish the reasonableness of each dollar and each hour for which the party seeks an award. *Jane L. v. Bangerter,* 61 F.3d 1505, 1510 (10th Cir. 1995).

The affidavit of Karen Wheeler, Esq. states that the hourly rate for the services provided in this case was $195.00 per hour for partner time, $180.00 for associate time, and $90.00 an hour for paralegal time.  Docket No. 59-6 at 1, ¶ 4.  The affidavit contains detailed descriptions of the time spent on this case and the billing rates applied to each time entry.  *See id.* at 3-46.  The affidavit shows that defendant's attorneys spent 157.84 hours on this action.  *See id.*  Plaintiffs have raised no objection to either the time spent by defendants' attorneys or the hourly rate sought.  The Court finds that the hours requested were reasonably expended on this litigation and that the rates of compensation are reasonable.  *See, e.g., Mrs. Condies Salad Co., Inc. v. Colo. Blue Ribbon Foods, LLC*, No. 11-cv-02118-KLM, 2012 WL 1431371, at *2 (D. Colo. Apr. 24, 2012) (finding that $325.00 is a reasonable hourly fee rate in this jurisdiction).

### III.  CONCLUSION

For the foregoing reasons, the Court will grant defendant's motion to the extent it seeks $26,078.10 in attorney fees and deny it as moot to the extent it seeks $6,265.51 in costs.  Accordingly, it is

**ORDERED** that Defendant State Farm Fire and Casualty Company's Motion for Attorney Fees and Actual Reasonably Incurred Costs Pursuant to C.R.S. § 10-3-1116 and C.R.S. § 13-17-101 [Docket No. 59] is **GRANTED in part** and **DENIED in part**.  It is further

5

**ORDERED** that plaintiffs shall pay defendant's attorney fees in the amount of $26,078.10.

DATED January 19, 2022.

BY THE COURT:

_____
PHILIP A. BRIMMER
Chief United States District Judge